## ADJOURNMENT OF MEETING ON THE FOURTH MONDAY OF NOVEMBER.

The constitution does not admit of an adjournment of the second meeting for the choice of representatives, which it provides for being held on the fourth Monday of November, to a day beyond such fourth Monday.

Meetings for the choice of governor, lieutenant-governor, and senators, cannot be adjourned to a subsequent day.

THE justices of the supreme judicial court, having been requested by the house of representatives to give their opinion on the question, whether a meeting for the election of representatives, on the fourth Monday of November, could be adjourned to a succeeding day, addressed the following communication, in answer thereto, to the house:—

"The undersigned, the justices of the supreme judicial court, have taken into consideration the question proposed to them by the honorable house of representatives, in the following words, to wit: 'Does the constitution admit of an adjournment of the meeting for the choice of representatives, which it provides for being held on the fourth Monday of November, to a day beyond the said fourth Monday?' And in answer thereto they respectfully submit the following opinion:—

This question arises upon the amendment of the constitution, which was adopted in 1831. The leading object of that amendment was, to alter the time of the commencement of the political year, from May to January; and the probable practical result anticipated from that alteration was, that there would ordinarily be but one session of the legislature, instead of two, in each year. As incidental to this alteration, it became necessary to alter the time at which the annual elections should be held. The whole of the provision upon this subject is in the following words: 'The meeting for the choice of governor, lieutenant-governor, senators, and representatives, shall be held on the second Monday of November in every year, but meetings may be adjourned, if necessary for the choice of representatives, to the next day, and again to the next succeeding day, but no further. But in case a second

meeting shall be necessary for the choice of representatives, such meetings shall be held on the fourth Monday of the same month of November.'

From this provision it seems obvious, that it was not intended by the framers of the constitution, that there should be any adjournment of meetings, for voting for governor and senators; for although there is no express restriction of this power, yet there is such a restriction by a clear and necessary implication. The provision, after a direction that the meeting shall be held for several purposes, that it may be adjourned for one of those purposes, carries a clear implication that it cannot be adjourned for the other purposes. This is no otherwise important to the present question, than as it shews the understanding of the framers of the constitution, that towns had no authority, under their general organization as corporations, to adjourn meetings held for the purpose of these elections.

But the next clause is more explicit in directing that meetings may be adjourned, if necessary, for the choice of representatives to the next day, and again to the next succeeding day, but no further. Here is not only an implication, arising from the provision for a very special and limited power of adjournment, that a general power did not exist; but there are express words of restriction upon any other power of adjourning the meetings required to be held on the second Monday of November, for the choice of governor, lieutenant-governor, senators, and representatives.

Besides, if there were no restriction on the power of towns, to adjourn meetings for the choice of representatives, meetings might be continued by adjournments, quite up to the time of the meeting of the legislature. But we think it was the obvious policy of the constitution to require, that the representatives should be chosen at a certain fixed time, previous to the meeting of the legislature. The provision of the former constitution, c. 1, § 3, art. 5, was, that the members of the house of representatives should be chosen annually in the month of May, ten days at least before the last Wednesday in that month, which was the commencement of the political year.

This policy was not apparently intended to be changed by the amendment, but to be confirmed and carried into effect by other provisions, limiting the times within which representatives should be chosen. Considering, that in future there would be but one session of the legislature, within the year, commencing with the beginning of the political year, there was good reason for fixing a longer time than formerly between the choice of representatives, and their entrance upon their duties, to give them time for preparation. No such limit is fixed, unless it is done by the provisions cited.

Further, it seems manifest, that it was the intention of the framers of this part of the constitution, to provide for the choice of representatives, in a manner as uniform in point of time and mode of conducting elections, as the different modes of organization of the different municipal corporations, composed of cities, towns, and districts, would admit. At the time this amendment was adopted, provision had already been made, by the amendments of 1820, for the incorporation of cities. Boston had already been incorporated and organized as a city, and it was contemplated that other large towns would soon be thus organized. Salem and Lowell were thus organized, within a few years after. By the mode of conducting elections in cities, the polls are opened in wards, where the people give in their votes; certificates of these votes are to be thence transmitted by the ward officers, to the mayor and aldermen, by whom they are to be examined, the results ascertained, and the returns made. The meeting of the voters in wards, though admirably well devised and adapted to ensure order, regularity, celerity, and convenience in elections, is not a deliberative body for any purpose, and they are vested with no power to discuss or decide upon any question. They have, therefore, no power to adjourn; and, besides, as the votes are to be transmitted to a central body, in order to ascertain the result, it would be impossible for the citizens of any ward to know, at the close of the election, whether a choice of representatives had been made or not. Had they, therefore, the power of voting on any subject, they could not upon this.

52

From this view of the organization of cities, it is quite manifest, that meetings of the inhabitants could not be adjourned to complete the choice of representatives. In order, then, to provide, that the voters of cities might have a second opportunity to choose their representatives, it became necessary to make some provision for a second meeting; and when making such provision, we think it was the intention of the framers of the constitution, to make a uniform provision, applicable to towns and districts, as well as to cities; fixing a day for the second meeting, as they had already fixed a day for the first, beyond which, if either corporation failed of choosing their representatives, none could be chosen.

But another and a principal ground of argument is found in the difference of the provisions, in regard to the first and second meeting. The provision in regard to the meeting on the second Monday of November is, that for the choice of representatives, the meeting may be adjourned to the next, and again to the next succeeding day, but no further. This, for reasons already adduced, we think, excludes a general or incidental power of adjournment, and limits the power of adjournment, to the precise cases in which the power is given. But the provision in regard to the second meeting is, that if a second meeting is necessary, it shall be held on the fourth Monday of the same month of November, without any provision for adjournment. It is true there are no negative words, such as 'and not afterwards,' or anything equivalent. But it being manifest, that no general or incidental power of adjournment for the purpose of choosing representatives was understood to exist; considering that when it was intended to confer a limited power of adjournment, it was given in express terms; the fact that no express power was given for adjourning the second meeting carries with it a strong implication, that none was intended to be conferred.

And there appears to be good reason for this distinction. By the organization of towns, (some very large,) all the voters must meet together at one place; at the first meeting they have many other elections to conduct; they meet as a deliber-

ative body, and may discuss questions and pass votes upon various subjects, especially upon the question whether they will send representatives, and how many; they may have several successive ballotings at the same meeting, until they make a choice. This great amount and pressure of business may prevent a town from completing their choice of representatives on the first day, when by having a power to adjourn from day to day, so as if necessary to extend to the third day, the election will be completed without the necessity of calling a second meeting. But when a second meeting is called at the interval of two weeks, the case is of quite a different character. The single purpose is to choose representatives. The voters have all had time and opportunity to consult and deliberate, and mature their opinion respecting candidates. Under these circumstances they will be likely to come prepared for a decisive ballot. Besides, by fixing the fourth Monday of November as the last day upon which representatives for the ensuing political year can be elected, the policy of the constitution is carried out, that the election of representatives shall be closed, both theoretically and practically, on a fixed day, by a rule affecting alike the cities, towns and districts of the commonwealth. It was intended, we think, that each town should elect representatives according to its own judgment, and its own views of fitness and expediency in respect to public interests, without regard to the elections made in other towns, and without waiting till the elections are necessarily closed in other municipal corporations, as it might do if no day were definitely fixed. This policy of closing the representative elections on a given day throughout the commonwealth was apparent in the previous constitution, and we think it was intended to be preserved in the amendment; and if this was so, the fourth Monday of November must be considered as such day.

These considerations are perhaps not entitled to great weight; they would be entitled to none, against a plain provision. But they may deserve some consideration as indicat-

ing the general intent of the framers of the constitution, and in expounding its provisions when the language is not explicit.

But we rely mainly on the terms of the amendment itself; we there find, that when a power of adjournment is intended to be conferred, it is given in a very precise form, and to a very limited extent. Then, when it provides in the same clause, that, in case a second meeting is necessary, it shall be held on a given day, without providing for any adjournment, the natural and reasonable construction is, that it shall be held and closed, and the election finished, on that day.

A question occurred to us on the clause, 'but meetings may be adjourned, if necessary, for the choice of representatives, to the next day,' &c., whether the term 'meetings' could not be applied to all meetings to be held for the choice of representatives, as well those provided for in the subsequent part of the amendment, to be held on the fourth Monday of November, as to those previously provided for to be held on the second Monday of November. Considering this question with some care, we are of opinion, that such a construction would be forced and unnatural, and could not have been the true intent of the framers of this amendment. The word 'meetings' in this place follows immediately after the provision, in the two preceding lines, for meetings for the choice of governor, lieutenant-governor, senators and representatives, on the second Monday of November, and then directs that meetings may be adjourned for one of these purposes; and the first and most obvious reference is to 'such meetings,' or 'those meetings.' And further, the word 'next day' has some significance, it is a relative word, the question is 'next to what?' and the natural answer seems to be, next to the second Monday of November, being the day last before mentioned. Then again the next sentence begins with the disjunctive conjunction 'but,' and introduces a new provision, in case the former meetings, with their two adjournments, shall have proved unsuccessful, for a distinct and independent original meeting, to be afterwards held. We think, therefore, the true construction is, that the

term 'meetings,' in the clause providing for adjournments, applies to first meetings for the choice of governor, senators, and representatives, and does not extend to the second meetings afterwards directed to be held on the fourth Monday of November, for the choice of representatives only.

These are some of the principal grounds and reasons for the opinion, which we have now the honor to submit. That opinion is, that the constitution does not admit of an adjournment of the meeting for the choice of representatives, which it provides for being held on the fourth Monday of November, to a day beyond the said fourth Monday.

LEMUEL SHAW,<br>
SAMUEL PUTNAM,<br>
S. S. WILDE,<br>
CHARLES A. DEWEY.

*Boston, 17th Feb.*, 1840."